IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO DELAWARE TRUST COMPANY, N.A., | No. CIV 2:11-cv-3455-JAM-JFM (PS) |
| Plaintiff, | |
| vs. | |
| CARLA GARCES, | ORDER AND |
| Defendant. | FINDINGS & RECOMMENDATIONS |
| _____/ | |

  Pending before the court is plaintiff's January 4, 2012 motion to remand. Defendant Carla Garces has now twice failed to file an opposition to the motion. See Doc. No. 4. Accordingly, the court will proceed to the merits of plaintiff's motion. Furthermore, the court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230.

  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

  On September 19, 2011, a trustee's sale was held as to real property located at 1566 Poppy Hills Lane, Tracy, CA 95377 ("the Property"). See Notice of Removal ("NOR'), Doc. No. 1 at 18-20. Marc Leon Estrada and Marina P. Estrada, were listed as joint tenants of the property. Id. The property was conveyed to plaintiff Wells Fargo Delaware Trust Company, N.A., as Trustee. Id.

1

On September 22, 2011, plaintiff served on the Property a written "Notice to Occupant(s) to Vacate Premises." NOR, Doc. No. 1 at 22-23. This notice informed the occupants of the Property that they were to vacate the property within three days unless they were a "'bona fide tenant' under a 'bona fide lease' as those terms are used in the Protecting Tenants at Foreclosure Act of 2009 (PFTA), in which event it will be necessary for you to vacate the premises within NINETY (90) days after service upon you of this notice; . . . ." Id. at 22.

On October 19, 2011, plaintiff filed a verified complaint for unlawful detainer in the San Joaquin County Superior Court. See NOR, Doc. No. 1 at 8-11. Plaintiff's complaint named as defendants Marc Leon V. Estrada and Marina P. Estrada, the former homeowners of the property. Id.

On October 31, 2011, Carla Graces, the rental tenant at the property, filed a Prejudgment Claim of Right to Possession in the San Joaquin County Superior Court. NOR, Doc. No. 1 at 14-15.

On December 29, 2011, Garces[1] filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331 seeking to remove the unlawful detainer action filed by plaintiff HPROF in the San Joaquin County Superior Court.

On January 4, 2012, plaintiff filed a motion to remand on the ground that there does not exist jurisdiction in this court and the Notice of Removal is untimely.

DISCUSSION

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042

---

[1] The Notice of Removal is purportedly also filed by defendants Marc Leon V. Estrada and Marina P. Estrada. See NOR, Doc. No. 1 at 1. In the Notice, however, Garces states that "[d]efendants Marc Leon V. Estrada and Marina P. Estrada were the former owners of the premises, and have defaulted in this litigation, such that they are no longer participants in this litigation." Id. at 2, ¶ 2. Thus, this action is removed solely by Garces, who contends this is proper pursuant to Cal. Code of Civ. P. 415.46.

1  (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)
2  (internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt
3  as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
4  1992). "If at any time before final judgment it appears that the district court lacks subject matter
5  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

6  The propriety of removal requires the consideration of whether the district court
7  has original jurisdiction of the action; i.e., whether the case could have originally been filed in
8  federal court based on a federal question, diversity of citizenship, or another statutory grant of
9  jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If the case is within
10 the original jurisdiction of the district court, removal is proper so long as the defendant complied
11 with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the
12 original jurisdiction of the district court, removal is improper. The absence of subject matter
13 jurisdiction is not waivable by the parties. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).

14 With the Notice of Removal, defendant provides a copy of the complaint filed in
15 San Joaquin County Superior Court. The complaint contains a single claim for unlawful
16 detainer. In defendant's removal notice, she asserts that the court has jurisdiction pursuant to the
17 PTFA. Plaintiff's complaint for unlawful detainer does not state claims under any federal law.
18 Rather, defendant appears to assert the PTFA is at issue by virtue of defendant's defense to the
19 action.

20 Removal, however, cannot be based on a defense, counterclaim, cross-claim, or
21 third-party claim raising a federal question, whether filed in state or federal court. See Vaden v.
22 Discover Bank, 556 U.S. 49 (2009); Hunter, 582 F.3d at 1042-43; Metro Ford Truck Sales, Inc.
23 v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011
24 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL
25 5330499, at *4 (E.D. Cal. Dec. 20, 2010). The complaint indicates that the only cause of action
26 /////

1  is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this
2  action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.
3  B.      Timeliness
4           As a general matter, the removal statute requires that a notice of removal be filed
5  within thirty days of receipt of the complaint, or else the served defendant(s) waive their right of
6  removal.  See 28 U.S.C. § 1446(b); Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1256 (9th
7  Cir. 1989); Goldberg v. CPC International, Inc., 495 F. Supp. 233, 236-37 (N.D. Cal. 1980).
8           The unlawful detainer action was filed in state court on October 19, 2011.  See
9  NOR, Doc. No. 1 at 8-11.  The summons was served on "all occupants c/o March Leon v.
10 Estrada" on October 21, 2011.  Id. at 16-17.  On October 31, 2011, Graces filed a Prejudgment
11 Claim of Right to Possession in the state court.  Id. at 14-15.  In that filing, Graces acknowledges
12 receipt of the complaint on October 21, 2011.  See id.  To be timely, then, this matter should
13 have been removed on or before November 20, 2011.  Instead, a notice of removal was filed on
14 December 29, 2011.  Because it was filed beyond the thirty-day period, it is untimely pursuant to
15 28 U.S.C. § 1446(b).
16          The undersigned will, therefore, recommend that this action be remanded to San
17 Joaquin County Superior Court.
18          Based on the foregoing, IT IS HEREBY ORDERED that:
19          1. The hearing on plaintiff's motion to remand set for March 1, 2012 is vacated;
20          2. The initial scheduling conference set for June 14, 2012 is vacated; and
21          IT IS HEREBY RECOMMENDED that plaintiff's January 4, 2012 motion to
22 remand be granted and this action be remanded to the San Joaquin County Superior Court.
23          These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

1 document should be captioned "Objections to Magistrate Judge's Findings and
2 Recommendations." Any response to the objections shall be filed with the court and served on
3 all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file
4 objections within the specified time may waive the right to appeal the District Court's order.
5 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57
6 (9th Cir.1991).
7 DATED: February 24, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;well3455.remand

5